UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>        Plaintiff,<br><br>    v.<br><br>METRO BY T-MOBILE; GONG INVESTMENTS, LLC, individually and d/b/a METRO BY T-MOBILE; and DOES 1 to 50 inclusive,<br><br>        Defendants. | No. 2:24-cv-03062-DJC-CKD<br><br>**ORDER** |

    Plaintiff Oscar Ramos sued Defendant Metro by T-Mobile, alleging various violations of the Americans with Disabilities Act and related state statutes related to a physical store purportedly owned and operated by Defendant. Non-party Techno CA LLC now seeks to intervene and moves for the Court to dismiss Plaintiff's complaint and to levy sanctions against Plaintiff. The Court GRANTS Techno CA LLC's request to intervene and DENIES its Motion to Dismiss and Motion for Sanctions.

## BACKGROUND

    Plaintiff is a "person with a disability" who uses a wheelchair. (ECF No. 1, Compl. ¶ 6.) On or about March 8, 2024, June 13, 2024, and September 24, 2024, Plaintiff visited a Metro by T-Mobile store in Fairfield, California, to purchase

1

telecommunication accessories. (*Id.* ¶¶ 3, 7, 12.)  Plaintiff alleges that the Metro by T-Mobile store's disability-accessible parking space was improperly designated, placed too far from the entrance to the store, and was not the proper size. (*Id.* ¶ 4a.) Specifically, he asserts that the store's disability-accessible parking spot was not on the shortest accessible route to the main entrance, that the parking spot lacked proper signage, and that a ramp impeded access to and from the parking spot. (*Id.*) He also alleges that a service counter inside the store was narrower than 36 inches and taller than 34 inches, forcing Plaintiff to strain to conduct his transactions. (*Id.* ¶ 4b.)  Plaintiff argues that these hindrances denied him equal access to public facilities and engendered various forms of emotional and mental distress. (*Id.* ¶ 17.)

Plaintiff brings the following claims:

1. Violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, alleging that the Metro by T-Mobile store's disability-accessible parking space and service counter deny people with disabilities access to public accommodation and that remedying these barriers is "readily achievable." (*Id.* ¶¶ 18–35.)
2. Violation of California Health and Safety Code § 19955 *et seq.*, alleging that the Metro by T-Mobile store's disability-accessible parking space and service counter deny people with disabilities access to public accommodation. (*Id.* ¶¶ 36–51.)
3. Violation of California Civil Code §§ 54, 54.1, 54.3, alleging that the Metro by T-Mobile store's disability-accessible parking space and service counter deny people with disabilities access to public facilities and seeking statutory damages and injunctive relief. (*Id.* ¶¶ 52–64.)
4. Violation of California Civil Code §§ 51 and 51.5 (California "Unruh Civil Rights Act"), alleging that Metro by T-Mobile store's disability-accessible parking space and service counter deny people with disabilities full and equal access to accommodations. (*Id.* ¶¶ 65–71.)

2

T-Mobile USA, Inc. filed an Answer to Defendant's Complaint asserting that it is being erroneously sued as Metro by T-Mobile, and denying that it operated the Metro by T-Mobile store during the period when Plaintiff allegedly visited. (ECF No. 10 at ¶¶ 1, 3-4.) Techno CA LLC moves to intervene in the case, requests that Defendant T-Mobile be dismissed, and moves for sanctions against Plaintiff. (ECF No. 13, hereinafter "Mot.") Techno CA LLC asserts that it, rather than T-Mobile USA, Inc. or Metro by T-Mobile, currently operates the physical Metro by T-Mobile store, but states that it did not begin operation of the location until sometime after October 2024, after Plaintiff's alleged visit. (*Id.* at 1.) Prior to the filing of this motion, the parties were referred to the Court's Voluntary Dispute Resolution Program and all previous deadlines were stayed; the parties have not fully engaged in discovery as a result. (ECF No. 11.) On March 27, 2025, the matter was submitted without oral argument pursuant to Local Rule 230(g). (ECF No. 16.)

**LEGAL STANDARD**

**A. Federal Rule of Civil Procedure 24(a)**

Under Federal Rule of Civil Procedure 24(a), a party may intervene if it timely claims an interest related to the property that is subject to the action and existing parties to the litigation do not adequately represent the movant's interest. Fed. R. Civ. P. 24(a).

**B. Federal Rule of Civil Procedure 12(b)(1)**

A party may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[1] *See Nat'l Fed'n of the Blind of Cal. v. Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1078 (N.D. Cal. 2015). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack, the challenger asserts that the

---

[1] Intervenor Techno CA LLC cites Federal Rule of Civil Procedure 12(h)(3) for the proposition that the Court should dismiss the claim for lack of subject matter jurisdiction. (Mot. at 6-7.) The Court assesses the claim under Rule 12(b)(1), as that is the usual vehicle for challenging subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[The] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

## DISCUSSION

Techno CA LLC's Motion to Intervene is supported by caselaw and unopposed. The Court has subject matter jurisdiction over this case because Plaintiff raises a claim under the federal Americans with Disabilities Act. Techno CA LLC's Motion for Sanctions is unsupported by the record and cannot be granted.

**A. Techno CA LLC May Intervene In The Case**

There are four factors courts assess when weighing a motion for intervention under Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotations omitted). These factors are assessed liberally in favor of the movant. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). When considering a movant's timeliness, a court considers the stage of the proceeding, prejudice to other parties, and the reasons for and length of any delay in filing. *United States v. State of Or.*, 913 F.2d 576, 588 (9th Cir. 1990). Courts take well-pleaded, non-conclusory allegations in a motion to intervene as true, absent sham, frivolity, or other objections. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 820.

4

Techno CA LLC's request to intervene is timely; it comes at a very early stage in the litigation, before any hearings or rulings on substantive matters; and does not prejudice or present a disadvantage for another party. *See Idaho Farm Bureau Fed'n*, 58 F.3d at 1397. Further, Techno CA LLC, by claiming that it is the current tenant and operator of the store involved in the underlying dispute in this case, has properly invoked an interest in the litigation. As the current tenant and operator of the store, disposition of this case without Techno CA LLC's participation would undoubtedly affect its interests, including whether its disability-accessible parking space or service counter engender liability under the ADA. And finally, in line with these assertions, none of the named Defendants would properly represent Techno CA LLC's interests, as, if Techno CA LLC's uncontested allegations are true, the named parties are not present or past operators of the store. After weighing these factors, and noting no party, including Plaintiff, contests Techno CA LLC's request to intervene (*see generally*, ECF No. 14, hereinafter "Opp'n."), the Court hereby GRANTS Techno CA LLC's Motion to Intervene.

The Court declines to dismiss T-Mobile USA, Inc. and/or Metro by T-Mobile as a party to this litigation, at least at this juncture. Plaintiff has pled that Metro by T-Mobile operated the business during his visits, and no other party has provided evidence definitively disproving that assertion. (*See id.* ¶¶ 5–7 (asserting that an entity named Metro by T-Mobile held a business operation license for the store during the time period when Plaintiff allegedly visited); *see also* Mot. at 3 (arguing that relevant information related to T-Mobile USA, Inc. and Techno CA LLC's relationship or lease of the premises is proprietary).) Nor has T-Mobile USA, Inc. and/or Metro by T-Mobile itself moved to be dismissed from the litigation. The Court determines that the question of which entity operated the business at the time of Plaintiff's visit would benefit from discovery, and therefore will not dismiss any party at this stage.

////

////

### B. Plaintiff Has Properly Invoked This Court's Jurisdiction

Plaintiff brings claims under the ADA and similar state statutes that he was denied equal access to the Metro by T-Mobile store due to both its improper disability-accessible parking space and its incorrectly sized service desk. (Compl. ¶¶ 18–71.) Intervenor counters that the disability-accessible parking space "is not a public accommodation under the ADA" and that "there was and always has been an ADA-complaint counter in the store such that Plaintiff's claim . . . is moot and Plaintiff lacks standing." (Mot. at 1–2.)

#### 1. A Parking Lot Can Be A Public Accommodation Under The ADA

The ADA prohibits, *inter alia*, discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation or by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Plaintiff does not meaningfully respond to Intervenor's claim regarding whether the parking lot is a public accommodation, except to note that he contests Intervenor's assertion that, as of February 2025 (after this litigation had been initiated and some months after his alleged initial visits), the disability-accessible parking space was compliant with the ADA. (*See* Opp'n. at ¶¶ 25–28.) Turning to Intervenor's argument, however, the Court notes that a parking lot can be a public space that would be covered by the ADA. *See*, *e.g.*, *Kalani v. Castle Vill. LLC*, 14 F. Supp. 3d 1359, 1370 (E.D. Cal. 2014) ("Finally, the parking lot and restroom are plainly places of public accommodation.") While this specific issue has not been fully examined by the parties, the Court deems that, at least at this initial stage in the litigation, Plaintiff's claim regarding the disability-accessible parking space is viable and should not be dismissed.

////

////

### 2. The Court Has Jurisdiction To Hear This Case And Whether The Store's Counter Is Or Was ADA Compliant Is A Disputed Fact

As noted in the preceding section, the ADA prohibits discrimination on the basis of disability that would prevent equal enjoyment of a public accommodation. 42 U.S.C. § 12182(a). In the context of the ADA, discrimination can include "a failure to remove architectural barriers" that impede access. *Id.* § 12182(b)(2)(A)(iv). Defendant appears to contest this Court's jurisdiction over this case, arguing that "Plaintiff lacks standing and/or the ADA claim of a non-compliant counter is moot." (Mot. at 7.) The crux of Defendant's argument is that the counter has always been ADA compliant, and thus, there is no viable claim under the ADA or federal jurisdiction provided by the statute. (*See id.* at 1, 6–7, citing Fed. R. Civ. P. 12(h)(3).)

Defendant's contention that the underlying facts do not enable Plaintiff a claim under the ADA have no bearing on this Court's jurisdiction. That is because any "non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6)." *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999), overruled on other grounds by *Markel v. Union of Orthodox Jewish Congregations of Am.*, 124 F.4th 796 (9th Cir. 2024). A valid disagreement over the facts of the case does not render a claim frivolous, and so the Court determines that its jurisdiction here is proper.

In any event, the disputed underlying facts, including the debate of whether the store's counter was too high or too wide *at the time of Plaintiff's alleged visit*, have not been resolved by the parties and remain contested. Intervenor presents photographs purporting to show that, on January 2, 2025, the counter's measurements were within the ADA's requirements. (*See* Mot. at 7.) Regardless of the veracity of these photographs, they do little to respond to Plaintiff's allegations that on March 8, 2024, June 13, 2024, and September 24, 2024, the counter was non-compliant. Simply put, a core thrust of Plaintiff's allegations are still live, and thus, Intervenor's argument that "the counter is compliant" and "there is no live case or controversy under the ADA" is

incorrect. (*See id.* at 7–8.)  Defendant has not addressed, let alone disposed of, Plaintiff's claims, and thus dismissal at this juncture is not appropriate.

### 3. Sanctions Are Not Appropriate

Intervenor moves for sanctions against Plaintiff's counsel, arguing that Plaintiff's claims were brought in bad faith. (*Id.* at 8–10.)  A federal court possesses inherent powers to assess sanctions "against a party that acts in bad faith." *Goodyear Tire & Rubber Co. v. Hager*, 581 U.S. 101, 102 (2017).

The crux of Intervenor's argument appears to be that Plaintiff acted in bad faith by failing to sue the right defendant and dismiss T-Mobile USA, Inc. as a defendant upon that entity's and Intervenor's request.  But as noted above, Plaintiff originally identified the captioned list of Defendants via publicly available licenses for the store. (*See* Opp'n. at ¶¶ 5–7.)  This is hardly acting in bad faith.  Further, the parties have not yet engaged in discovery, and relevant documentation related to who was operating the store at the time of Plaintiff's alleged visit may exist but may not have yet been made available.  Because the Court does not find Plaintiff acted in bad faith by naming parties beyond Techno CA LLC in the complaint, or amending the complaint per Techno CA LLC's request, Intervenor's request for sanctions is DENIED.

## CONCLUSION

The Court GRANTS Techno CA LLC's request to intervene and DENIES its Motion to Dismiss and Motion for Sanctions (ECF No. 13).

IT IS SO ORDERED.

Dated:  **May 15, 2025**

*[signature]*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC5 – Ramos24cv03062.MTI/MTD/MS

8