UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>        Plaintiff,<br><br>    v.<br><br>GONG INVESTMENTS, LLC,<br><br>        Defendant. | No. 2:24-cv-03062-DJC-CKD<br><br>ORDER |

Plaintiff Oscar Ramos filed his initial Complaint in November 2024, with Gong Investments LLC as one of the named Defendants. In May 2025, the Court granted Techno CA, LLC's Motion to Intervene (ECF No. 17). Since filing the Complaint, Plaintiff contends that he received information that (1) at the time of Plaintiff's alleged visits to the subject business Aloba SF, Inc. was the tenant, and (2) Techno CA, LLC is presently the tenant. Plaintiff now seeks to amend his Complaint to add Aloba SF, Inc., and Techno CA, LLC so that he may seek damages against Aloba SF, Inc., and injunctive relief against Techno CA LLC. (Mot. Amend (ECF No. 26).) Techno CA, LLC filed an Opposition (Opp'n (ECF Nos. 29, 30),) and Plaintiff Replied (ECF No. 31).

////

////

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained that "Rule 15(a) is very liberal." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). A district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Id.* (citations omitted).

## DISCUSSION

Considering the four factors outlined above, the Court finds that good cause exists to allow Plaintiff to amend his complaint. The litigation is currently in early stages, and it does not appear that Defendant will be prejudiced. Additionally, the amendment here is not sought in bad faith, as Plaintiff contends that he learned of the additional parties after filing his initial complaint. (Decl. of Richard Mac Bride (ECF No. 26-1) ¶¶ 3,4.) Moreover, amendment is not futile because adding Aloba SF, Inc., would allow Plaintiff to seek the relief he requests. To the extent, however, that Plaintiff seeks to add Techno CA, LLC to the suit, Techno CA, LLC is already a party to the instant action. *See United States ex rel. Einstein, City of New York,* 556 U.S. 928, 933 (2009) ("[I]ntervention is the requisite method for a nonparty to become a party to a lawsuit."). However, for purposes of clarification, Plaintiff may name Techno CA, LLC as it has done in its proposed amended complaint and set out allegations against it and seek the appropriate relief.[1]

////

////

////

---

[1] Techno CA, LLC does not oppose Plaintiff's request to add Aloba SF, Inc., to the matter. To the extent Techno CA, LLC contends this Court lacks subject matter jurisdiction, the Court has already considered – and rejected – that argument. (ECF No. 17.)

**CONCLUSION**

For the reasons discussed above, Plaintiff's Motion to Amend (ECF No. 26) is GRANTED. Within seven (7) days of this Order, Plaintiff is ordered to file the First Amended Complaint at ECF 26-3 on the docket as a separate entry.

IT IS SO ORDERED.

Dated:  **October 1, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – Ramos25cv03062.mta

3